UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
PETER PALATINI,

    Plaintiff,

        -against-        **COMPLAINT**

THE CITY OF NEW YORK, and POLICE OFFICER
FRANK CHIODI Tax Id. No. 924057 of the Narcotic
Bureau Brooklyn North Police Precinct,

        **JUDGE CEDARBAUM**

        **08 CV 3161**

    Defendants.

------------------------------------------------------------------- x



The plaintiff, complaining of the defendants, by her attorney, MICHAEL FINEMAN, ESQ. respectfully shows to this Court and alleges:

### JURISDICTION AND VENUE

1. Plaintiff brings this action for compensatory damages, and punitive damages pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

4. Venue is properly laid in the Southern District of New York under 28 U.SC. §1391(b) and §1391(c), in that the defendant's, the City of New York, offices are located within the District.

### JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R.Civ.P. 38(b).

### PARTIES

6. The plaintiff, is a United States citizen and is a resident of the United States, State of New York, and the County of Kings.

7. Defendant, the City of New York (hereinafter referred to as NYC), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, NYC, maintains the New York City Police Department a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individual defendant, POLICE OFFICER FRANK CHIODI Tax Id. No. 924057 of the Narcotic Bureau Brooklyn North Police Precinct (hereinafter referred to as CHIODI) was a duly sworn police officer of said police department and was acting under the supervision of said police department and according to his official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of defendant, CHIODI, alleged herein were done by said defendant while acting within the scope of their employment by defendant NYC.

12. Each and all of the acts of the defendant, CHIODI, alleged herein were done by said defendant while acting in furtherance of their employment by defendant NYC.

## FACTS

13. Upon information and belief, on or about April 5, 2007 at approximately between 6:00 PM and 9:00 PM, plaintiff was walking home from a store where he purchased a pack of cigarettes.

14. Upon information and belief, on the above date, the plaintiff was walking with another individual who resides in the same building as plaintiff named Albert Wright and another individual unknown to the plaintiff.

15. Upon information and belief, at the above time, plaintiff was walking along Logan Street with Mr. Wright and the unknown individual when an unmarked police car pulled up to the plaintiff and stopped.

16. Upon information and belief, defendant CHIODI, who was accompanied by a number of additional police officers, also in plain cloths, who where unknown to plaintiff, approached the plaintiff.

17. Upon information and belief, defendant CHIODI, while holding his firearm unholstered, intentionally struck the plaintiff across the face with the barrel of the defendant's firearm causing a laceration to the plaintiff's face, as well as considerable pain and suffering.

18. Upon information and belief, defendant CHIODI then made various degrading comments to plaintiff in relation to plaintiff's Italian background.

19. Upon information and belief, the defendants, through the actions of defendant CHIODI did seize the plaintiff's person without probable cause.

20. Upon information and belief, plaintiff was placed in handcuffs and escorted into a marked police car in front of numerous members of plaintiff's community.

21. Upon information and belief, plaintiff was held in excess of twenty-four hours before being produced by the New York City Police Department for Arraignment in the Criminal Court of the County of Kings.

22. Upon information and belief, at no time while in police custody was the plaintiff provided with medical treatment for his injury which was caused by defendant CHIODI.

23. Upon information and belief, defendant CHIODI did intentionally and falsely complete a sworn statement stating that plaintiff was found in possession of a quantity of crack cocaine.

24. Upon information and belief, at the arraignment, plaintiff accepted an adjournment of contemplation of dismissal in order to resolve the matter without the need to make any further court appearances.

## PENDENT STATE CLAIMS

25. That Notice of the Plaintiff's Claims for violation of civil rights, false arrest, false imprisonment, assault and battery, punitive damages, negligence in hiring and retaining, negligence in performance and negligence in training and supervising, the nature of the claims and the date of, the time when, the place where and the manner in which the claims arose were duly served upon the Comptroller of the defendant, CITY OF NEW YORK, on or about May 21, 2007.

26. That more than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make an adjustment or payment thereof which is satisfactory to plaintiff.

27. That this action is commenced within one year and ninety days after the cause of action arose.

## FIRST CAUSE OF ACTION FOR DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

28. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

29. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

30. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Eighth and Fourteenth

- 3 -

Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

31. The acts complained of were carried out by the aforementioned individual defendant in his capacities as a police officer, with all the actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendant in his capacities as a police officer, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

34. The acts complained of were carried out by the aforementioned individual defendant in his capacities as a police officer, with malice and discriminatory intent based on plaintiff's national origin and ethnic background.

35. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to bruising and pain to the face, continued pain and suffering, mental anguish, and anxiety.

36. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION FOR FALSE ARREST UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

38. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent in violation of the Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

39. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

40. The acts complained of were carried out by the aforementioned individual defendant in his capacities as a police officer, with malice and discriminatory intent based on plaintiff's national origin and ethnic background.

41. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to bruising and pain to the face, continued pain and suffering, mental anguish, and anxiety.

42. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

### THIRD CAUSE OF ACTION FOR FALSE IMPRISONMENT

43. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

44. On the above mentioned date, defendant CHIODI did forcibly prevent the plaintiff from exiting the Police Precinct where plaintiff was taken to for arrest processing as well as the Kings County Criminal Court Central Booking facility with plaintiff's knowledge and without the plaintiff's consent.

45. Upon information and belief, defendant CHIODI had no justifiable reason to detain, or cause plaintiff's detention.

46. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to bruising and pain to the face, continued pain and suffering, mental anguish, and anxiety.

47. Each and all of the acts of defendant CHIODI alleged herein were done by said person while acting within the scope of his employment by defendant NYC.

48. The acts complained of were carried out by defendant CHIODI in his capacities as a employee of NYC, pursuant to the customs, usages, practices, procedures, and rules of defendant NYC, all under the supervision, and with the consent of managing and supervising employees and agents of defendant NYC.

49. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages as a result of such actions being done with malicious intent.

### FOURTH CAUSE OF ACTION FOR ASSAULT AND BATTERY AND FOR VIOLATION FO THE PLAINTIFF'S RIGHT AGAINST CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT

50. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

51. Upon information and belief, defendant CHIODI did place plaintiff in fear of physical injury by his conduct without plaintiff's consent and in violation of the Eighth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

52. Upon information and belief, defendant CHIODI did make physical contact with plaintiff's person against plaintiff's will by striking plaintiff with the barrel of defendant's handgun.

53. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to a laceration, bruising and pain to the face, continued pain and suffering, mental anguish, and anxiety.

54. Each and all of the acts of defendant CHIODI alleged herein were done by said person while acting within the scope of his employment by defendant NYC.

55. The acts complained of were carried out by defendant CHIODI in his capacities as an employee of NYC, pursuant to the customs, usages, practices, procedures, and rules of defendant NYC, all under the supervision, and with the consent of managing and supervising employees and agents of defendant NYC.

56. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages as a result of such actions being done with malicious intent.

### FIFTH CAUSE OF ACTION FOR DEFAMATION, INCLUDING LIBEL AND SLANDER PER SE

57. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

58. On the above-mentioned date, the defendants, through the actions of defendant CHIODI, made false and defamatory statements that plaintiff was found in possession of crack cocaine to Police officer Liza M. Dupont and employees of the Kings County District Attorney's Office, resulting in injury to plaintiff, including to his reputation.

59. The statements of the defendant were defamatory per se and cast aspersions upon the basic character and integrity of plaintiff.

60. Each and all of the acts of defendant CHIODI alleged herein were done by said person while acting within the scope of his employment by defendant NYC.

61. The acts complained of were carried out by George in his capacities as an employee of NYC, pursuant to the customs, usages, practices, procedures, and rules of defendant NYC, all under the supervision, and with the consent of managing and supervising employees and agents of defendant NYC.

62. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages as a result of such actions being done with malicious intent.

### SIXTH CAUSE OF ACTION FOR NEGLIGENCE AS AGAINST DEFENDANT NYC

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in prior paragraphs with the same force and effect as if more fully and at length set forth herein.

64. That the defendant NYC was negligent, careless and reckless in hiring and retaining as and for its employees, particularly defendant CHIODI in that the said defendant lacked the experience, deportment and ability to be employed by defendant NYC; in that the defendant failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant CHIODI who lacked the mental capacity and the ability to function as employee of defendant NYC; in that the defendant NYC failed to investigate the above named defendant's background and in that it hired and retained as employees of their police department individuals who were unqualified in that the defendant lacked the maturity, sensibility and intelligence to be employed when hired to be employee; and, in that the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

65. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to bruising and pain to the wrist, continued pain and suffering, mental anguish, and anxiety.

66. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

Dated: New York, New York
       March 28, 2008

                              Very truly yours,

                              THE LAW OFFICE OF MICHAEL FINEMAN, ESQ.

By: _____
      Michael Fineman, Esq. (MF0282)
      Attorney for Plaintiff,
      PETER PALATINI,
      305 Broadway, 7th Floor
      New York, New York 10007
      Tel: (212) 897-5823
      Fax: (212) 897-5824
      File No. 508/2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
PETER PALATINI,

       Plaintiff,

           -against-                           **COMPLAINT**

THE CITY OF NEW YORK, and POLICE OFFICER
FRANK CHIODI Tax Id. No. 924057 of the Narcotic
Bureau Brooklyn North Police Precinct,

       Defendants.

------------------------------------------------------------------- x

                                Law Office of Michael Fineman, Esq.
                                *Attorney for the Plaintiff*
                                PETER PALATINI,
                                305 Broadway, 7th Floor
                                New York, New York 10007
                                Tel.: (212) 897-5823
                                Fax.: (212) 897-5824

| To: | The City of New York<br>Office of the Comptroller<br>1 Centre Street<br>New York, NY 10007 | To: | P.O. FRANK CHIODI<br>Narcotics Bureau Brooklyn North<br>245 Glenmore Avenue<br>Brooklyn, NY 11207 |
|---|---|---|---|