UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

PETER PALATINI,

                        Plaintiff,

        -against-

THE CITY OF NEW YORK, and POLICE
OFFICER FRANK CHIODI Tax ID. No. 924057 of
the Narcotic Bureau Brooklyn North Police Precinct,

                        Defendants.

**ANSWER**

08 CV 3161 (MGC)

<u>Trial By Jury Requested</u>

(filed by ECF)

------------------------------------------------------------------x

        Defendants City of New York and Frank Chiodi, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action and to seek relief as set forth therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as set forth therein.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as set forth therein.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as set forth therein.

        5.     Admit that plaintiff demands a trial by jury as set forth in paragraph "5" of the complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation authorized pursuant to the laws of the State of New York.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York maintains a police department and respectfully refer the Court to the applicable provisions of law concerning its authority, functions, and supervision.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York has employed Frank Chiodi as a police officer and Frank Chiodi has been assigned to the Narcotics Borough Brooklyn North division, and state that the allegations concerning whether Frank Chiodi was acting under the supervision of the police department and according to his official duties are legal conclusions rather than averments of fact and, accordingly, no response is required.

10. Defendants state that the allegations set forth in paragraph "10" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint, except admit that officers in an unmarked police car approached plaintiff with other individuals in the vicinity of Logan Street.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that Frank Chiodi and another police officer were in plainclothes and approached plaintiff.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff was handcuffed.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint, accept admit that plaintiff received an adjournment in contemplation of dismissal.

25. Deny the allegations set forth in paragraph "25" of the complaint, except state that a document purporting to be a notice of claim was received by the Comptroller's Office of the City of New York on or about May 29, 2007, and respectfully refer the Court to that document for its contents.

26. Deny the allegations set forth in paragraph "26" of the complaint, except admit that more than thirty days have elapsed and that the claim has not been settled.

27. Defendants that that the allegations set forth in paragraph "27" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "27" of this answer as if fully set forth therein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "36" of this answer as if fully set forth therein.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "42" of this answer as if fully set forth therein.

44. Deny the allegations set forth in paragraph "44" of the complaint, except admit that plaintiff was arrested.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "49" of this answer as if fully set forth therein.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. In response to the allegations set forth in paragraph "57" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "56" of this answer as if fully set forth therein.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. In response to the allegations set forth in paragraph "63" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "62" of this answer as if fully set forth therein.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

67. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

68. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

69. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

70. Any injury alleged to have been sustained resulted from plaintiff's respective culpable or negligent conduct and/or the conduct of someone not under the control of defendants, and was not the proximate result of any act of defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

71. There was probable cause for plaintiff's arrest, detention, and/or prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

72. Punitive damages are not obtainable as against defendant City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

73. Defendant Frank Chiodi has not violated any clearly established constitutional right of which a reasonable person would have known and, therefore, is protected by qualified immunity from liability.

**WHEREFORE**, defendants City of New York and Frank Chiodi request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      July 3, 2008

                                      **MICHAEL A. CARDOZO**
                                      Corporation Counsel of the
                                          City of New York
                                      Attorney for Defendants City of New York
                                          and Frank Chiodi
                                      100 Church Street
                                      New York, New York  10007
                                      (212) 227-4071

                                By: _____/S/_____
                                      SUSAN P. SCHARFSTEIN

To:    Michael Fineman, Esq.
        Attorney at Law
        305 Broadway, 7th Floor
        New York, NY  10007

Index No. 08 CV 3161 (MGC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER PALATINI,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, and POLICE OFFICER FRANK CHIODI Tax ID. No. 924057 of the Narcotic Bureau Brooklyn North Police Precinct,

                              Defendants.

## ANSWER

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
   *Attorney for Defendants City of New York and Frank Chiodi*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Susan P. Scharfstein (SS 2476)*
*Tel: (212) 227-4071*
*NYCLIS No.:*

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................................ , 200 . . .*

*................................................................................ Esq.*

*Attorney for.................................................................................*