UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
PETER PALATINI,

                                                08-cv-3161 (MGC)

      Plaintiff,

          -against-                          **RULE 26(A)(1) DISCLOSURE**

THE CITY OF NEW YORK, and POLICE OFFICER
FRANK CHIODI Tax Id. No. 924057 of the Narcotic
Bureau Brooklyn North Police Precinct,

      Defendants

------------------------------------------------------------------------ x

     In accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure, plaintiff makes its mandatory disclosure as follows:

A. Witnesses

1. Peter Palatini at 2640 Pitkin Avenue, Brooklyn, NY 11208 is the plaintiff in this matter and has discoverable information relevant to disputed facts alleged with particularity in the pleadings including the circumstances of the plaintiff's arrest and the plaintiff's mental and physical suffering as a result of the defendants' conduct.

2. Albert Wright at 2640 Pitkin Avenue, Brooklyn, NY 11208 is likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings including the circumstances of the plaintiff's arrest.

3. An Unknown Doctor who was Plaintiff's treating physician at One Brookdale Plaza, Brooklyn, NY 11212 is likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings including the circumstances of the plaintiff's arrest. An authorization for plaintiff's medical records is annexed hereto. The name of the doctor shall be provided once plaintiff is in possession of same.

4. Police Officer Frank Chiodi of the Narcotic Bureau Brooklyn North Police Precinct, an employee of the New York City Police Department is likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings including the circumstances of the plaintiff's arrest.

5. Three unknown Police Officers of the Narcotic Bureau Brooklyn North Police Precinct, employees of the New York City Police Department, who were working with Police Officer Schnider, are likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings including the circumstances of the plaintiff's arrest.

B. Documents

1.      Authorization for Medical Records addressed to Brookdale University Hospital, One Brookdale Plaza, Brooklyn, NY 11212 is enclosed with this disclosure. Additionally, a duly executed CPL 160.50(1)(d) has already been served.

2.      Please see annexed Criminal Court Complaint and Supporting Deposition.

C. Computation of Damages

1. Explanation

Plaintiff's demand for damages is based on Plaintiff's physical injuries, including but not limited to laceration to the face around the eye, continued pain and suffering, mental anguish, anxiety, and injury to reputation as a result of plaintiff's wrongful arrest and detention.

2. Documents Upon Which Computation Based:

        a. See authorization for medical records described above.

Dated: New York, New York
        July 20, 2008

                                Very truly yours,

                                THE LAW OFFICE OF MICHAEL FINEMAN, ESQ.

                        By:     _____
                                Michael Fineman, Esq. (MF0282)
                                Attorney for Plaintiff,
                                PETER PALATINI,
                                305 Broadway, 7th Floor
                                New York, New York 10007
                                Tel: (212) 897-5823
                                Fax: (212) 897-5824
                                File No. 508/2007

- 2 -

## <u>AFFIRMATION OF SERVICE</u>

STATE OF NEW YORK      )

                                    ) ss.:

COUNTY OF NEW YORK  )

**MICHAEL FINEMAN**, an attorney admitted to the practice of law, being duly sworn, deposes
         and affirms that deponent is not a party to the within action, is over 18 years of age and
         resides in the State of New York, County of Kings.

That on the 20th day of July, 2008 deponent served the within <u>PLAINTIFF'S RULE 26(A)(1)</u>
<u>DISCLOSURE</u> upon:

> Law Department
> City of New York
> Attn: Susan P. Scharfstein
> 100 Church Street
> New York, NY 10007

The attorney(s) for the respective parties in this action, at the above address(es) designated  by
said attorney(s) for that purpose by depositing same enclosed in a postpaid properly addressed
wrapper, in an official depository under the exclusive care and custody of the United States Post
Office within the State of New York.

 

 

_____

MICHAEL FINEMAN

OCA Official Form No.: 96

# AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| Peter Palatini | 7/17/1951 | 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 |

| Patient Address |
|---|
| 2640 Pitkin Avenue, #2A, Brooklyn, NY 11208 |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL** and **DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials o the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Divisio of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies ar responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I ma revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility fe benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and th redisclosure may no longer be protected by federal or state law.

6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICA CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
   **Brookdale University Hospital, One Brookdale Plaza, Brooklyn, NY 11212**

8. Name and address of person(s) or category of person to whom this information will be sent:
   *Corp. Counsel, City of New York, 100 Church St., New York, NY 10007*

9(a). Specific information to be released:
   ☑ Medical Record from (insert date) **4/1/2007** to (insert date) **4/30/2007**

   ☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, film referrals, consults, billing records, insurance records, and records sent to you by other health care providers.

   ☐ Other: _____

   _____

   Include: (*Indicate by Initialing*)

   _____ **Alcohol/Drug Treatment**
   _____ **Mental Health Information**
   _____ **HIV-Related Information**

**Authorization to Discuss Health Information**

(b) ☐ By initialing here _____ I authorize _____
   Initials                              Name of individual health care provider
   to discuss my health information with my attorney, or a governmental agency, listed here:

   _____
   (Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>☐ At request of individual<br>☑ Other: Law Suit | 11. Date or event on which this authorization will expire:<br><br>May 1, 2009 |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_____   4/29/08
Signature of patient or representative authorized by law

ALEXEI GROSSHTERN
Notary Public, State of New York
No. 02GR6004007

\* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

# Criminal Court of the City of New York

Part APAR       County of Kings

THE PEOPLE OF THE STATE OF NEW YORK

State of New York

County of Kings

PETER PALATINI

Defendant

Police Officer Liza M. Dupont, shield number 16135, says that on or about April 5, 2007 at approximately 8:50 PM at FRONT OF 436 LOGAN STREET, County of Kings, State of New York, the defendant committed the offense of:

PL 220.03    CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE SEVENTH DEGREE

in that the defendant did:
KNOWINGLY AND UNLAWFULLY POSSESS A CONTROLLED SUBSTANCE.

The source of deponent's information and the ground for deponent's belief are as follows:

The deponent is informed by the sworn statement of Police Officer Frank Chiodi, shield number 02201 that, at the above time and place, the informant observed the defendant in possession of a quantity of crack cocaine which informant recovered from defendant's hand.

The deponent is informed by the sworn statement of informant that informant has had professional training as a police officer in the identification of crack cocaine, has previously made arrests for the criminal possession of crack cocaine, has previously seized crack cocaine that was determined to be such by the Police Department Laboratory and the crack cocaine in this case possesses the same physical characteristics as the previously chemically identified crack cocaine, performed a field test on the substance recovered, which tested positive for crack cocaine, by professional training as a police officer familiar with the common methods of packaging crack cocaine and the ONE plastic TWIST used to package the crack cocaine in this case is a commonly used method of packaging crack cocaine. Based upon the foregoing, in informant's opinion, the substance in this case is crack cocaine.

False statement made in this document are punishable as a class a misdemeanor pursuant to section 210.45 of the Penal Law.

April 06 2007

A C D
+ TIP

2007KN025779

Printed:    4/6/07  10:34

SUPPORTING DEPOSITION – CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE 7° & CRIMINALLY POSSESSING A HYPODERMIC INSTRUMENT (PL 220.03 & PL 220.45) – Page 1 of 3
(fill out separate supporting deposition for each type of controlled substance recovered;
also, complete Misdemeanor Narcotics Possession Fact Sheet and fax to Complaint Room)

CRIMINAL COURT OF THE CITY OF NEW YORK

PEOPLE OF THE STATE OF NEW YORK

against

Palatins, Peter
(Defendant)

Arrest No. K-07630797-J

I, P.O. Chiodi , Shield No. 2201 , am a Police Officer for the New York City Police Department. On 04/05/07 (date), at 2050 hours (time) at front of 436 Logan Street Brooklyn, NY (location), County of Kings, I observed the defendant in possession of ONE (fill in quantity, if applicable):

1. PACKAGING: (if applicable)

☐ plastic bag(s)          ☐ ziplock bag(s)          ☐ tinfoil wrapper(s)

☐ vial(s)                 ☐ glassine envelope(s)

☒ other (describe packaging) Plastic twist

containing

2. CONTROLLED SUBSTANCE:

a quantity of:

☐ cocaine      ☒ crack cocaine      ☐ heroin      ☐ crack cocaine residue

☐ other (describe drug) _____

VOUCHER NUMBER(S) N-588450

which I recovered from:

3. RECOVERY:

☒ defendant's hand                    ☐ defendant's pants pocket

☐ the ground where I observed defendant drop it

☐ the ground where I observed defendant throw it

☐ defendant's person

☐ other (describe location of recovery) _____

False statements made herein are punishable as a class A Misdemeanor pursuant to section 210.45 of the penal law.

04/05/07
Date

P.O. Chiodi
Signature of Police Officer

Rev. 12/11/02

SUPPORTING DEPOSITION – CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE 7° & CRIMINALLY
POSSESSING A HYPODERMIC INSTRUMENT (PL 220.03 & PL 220.45) – Page 2 of 3

DEFENDANT _Palatini, Peter_    ARREST NO. _K-0763O797-J_
(Last name, first name)

4. BASIS OF CONCLUSION THAT SUBSTANCE IS A CONTROLLED SUBSTANCE:

I: (check all that apply)

☑ have had professional training as a police officer in the identification of the above-named
controlled substance,

☑ have previously made arrests for criminal possession of the above-named controlled
substance,

☑ have previously seized the above-named controlled substance, which was determined to be
such by the police department laboratory, and the substance/drugs in this case possesses the
same physical characteristics as the previously chemically identified substance/drugs,

☑ by professional training and experience as a police officer, am familiar with the common
methods of packaging the above-named controlled substance and the packaging described
above is a commonly used method of packaging such substance/drugs,

☑ performed a field test on the substance recovered, which tested positive for:

☑ cocaine.    ☐ heroin.    ☐ other (describe drug) _____.

Based upon the foregoing in my opinion, the substance/drugs in this case is:

☐ cocaine    ☑ crack cocaine    ☐ heroin

other (describe drug) _____.

5. POSSESSION OF HYPODERMIC INSTRUMENT: (if applicable)

☐ I also recovered _____ (fill in quantity) hypodermic instrument(s) from:

☐ defendant's hand              ☐ defendant's pants pocket

☐ the ground where I observed defendant drop it

☐ the ground where I observed defendant throw it

☐ defendant's person

☐ other (describe location of recovery) _____

_____.

False statements made herein are punishable as a class A
Misdemeanor pursuant to section 210.45 of the penal law.

_04/05/07_          _P.O. Chird_
Date                 Signature of Police Officer

Rev. 12/11/02

JPPORTING DEPOSITION – CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE 7° & CRIMINALLY POSSESSING A HYPODERMIC INSTRUMENT (PL 220.03 & PL 220.45) – Page 3 of 3

DEFENDANT ~~Palatini, Peter~~    ARREST NO. ~~K-07630797-J~~
(Last name, first name)

6. STATEMENTS BY THE DEFENDANT:  (if applicable; this constitutes notice pursuant to 710.30(1)(a) of the CPL)

☐ On _____ (date), at _____ (time) at _____
_____ (location), the defendant stated the following in my presence: (fill in substance of statement) _____
_____

7. RESISTING ARREST: (if applicable)

☐ The defendant intentionally attempted to prevent me from arresting him/her by: (check all that apply)

☐ flailing defendant's arms

☐ going limp

☐ holding defendant's arms against defendant's body

☐ punching at me

☐ kicking at me

☐ struggling with me

☐ refusing to be handcuffed

☐ other (describe conduct)_____

False statements made herein are punishable as a class A Misdemeanor pursuant to section 210.45 of the penal law.

~~04/05/07~~         ~~P.O. Chud~~
Date              Signature of Police Officer

Reviewed by: _____
             Signature
Print Name of Reviewing Officer: ~~Sgt. Ramirez~~

Rev. 12/11/02



**FIELD TEST REPORT - BKLYN.**
PD 321-142 (9/98)-RMU

**TO BE USED IN BROOKLYN ONLY**

| 1 | **1. FIELD TEST RESULTS:** ☒Positive ☐ Negative | **2.Voucher #** N-588450 |
|---|---|---|

| | **3. Prisoners Last Name** Palatini | **First Name** Peter | **Date of Arrest** 04/05/07 | **Date of Birth** 07/17/51 |
|---|---|---|---|---|

**4. Were there any other narcotics seized or purchased that are associated with this voucher number?**
If yes, list all companion narcotics voucher numbers. _YES_
N-588448

| 2 | **1. Testing Officers Name (Print)** (If Undercover - list shield number in lieu of name) PO. Chiodi | **2. Command** NBBN | **3. Tax #** 924057 | **4. Officer performing test has conducted 20 or more field tests.** YES |
|---|---|---|---|---|

**5.Arresting Officers Last Name (Print)** _____ **First Name** _____ **Command** _____ **Tax#** _____

☒ Check here if same as Testing Officer

| 3 | 1. Contents in this envelope was purchased by an undercover: ☐ Yes ☒No |
|---|---|
| 4 | 1. Contents in this envelope is narcotics recovered other than that purchased by an undercover: ☒Yes ☐ No |

| 5 | **1. Drug Type/Field Test**<br>☐ Heroin/Meckes Reagent<br>☒ Cocaine/Cocaine Salts and Base Reagent<br>☐ Marijuana/Duquenois - Levine Reagent | **2. Quantity vouchered:** ONE<br>Estimated total weight of narcotics vouchered greater than 1/8 oz.<br>☐ Yes ☒No |
|---|---|---|

| 6 | 1. Contents in this envelope was seized during the execution of a search warrant: ☐ Yes ☒No |
|---|---|

**7** (Check all applicable boxes and fill in all blanks)

1. ☒ On 04/05/07 2050hours at front of 436 Logan Street (location) Kings County, I observed the prisoner in possession of ONE plastic twist of crack/cocaine (fill in substance/drug) recovered from defendant's right hand (location e.g. hands, pants pocket, ground where defendant threw it)

2. ☒ I have had professional training as a police officer in the identification of the above recovered substance/drugs.

☒ I have previously made arrests for criminal possession of the above recovered substance/drugs.

☒ I have previously seized crack/cocaine (fill in recovered substance/drug) which was determined to be such by the police department laboratory, and the substance in this case possess the same physical characteristics as such previously identified substance or drugs.

☒ By my professional training and experience as a police officer, I am familiar with the common methods of packaging crack/cocaine (fill in recovered substance/drug) and the plastic twist (fill in type of packaging of substance/drugs) used to package the substance/drugs in this case is commonly used method of packaging such substance/drugs.

3. Based upon the foregoing, the substance/drugs possessed by the prisoner is crack/cocaine (fill in recovered substance / drugs)

_____ (fill in recovered substance / drugs)

| 8 | **CERTIFICATION** - I hereby acknowledge the above statement and I tested the above substance / drugs and this report is a true and full copy of the original report made by me. False statements made herein are punishable as a class A misdemeanor pursuant to 210.45 of the Penal Law.<br><br>Testing Officers Signature: PO Chiodi #2201<br>(If Undercover - personally sign shield number in lieu of name) |
|---|---|

| 9 | Supervisor assuring accuracy in the preparation of this Field Test Report:<br>Sgt. Ramirez — Sgt. Re — 907114 NBBN<br>Rank  Name (printed)    Signature    Tax #    Command |
|---|---|

**Dist:** 1.White = District Attorney's Office    2. Blue = District Attorney's Office    3. Pink = Police Laboratory with vouchered drugs
4. Buff = Officers Copy    5. Green = Command Copy